STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss.                                     CIVIL ACTION
                                                    Docket No. RE-13-227
                                                    TDW-CuM- 7/30/2013

MATTHEW DAUGHDRILL,

        Plaintiff

v.                                                  ORDER

MOIRA DAUGHDRILL, et al,

        Defendants

Plaintiff Matthew Daughdrill ("Matthew") commenced this action to enforce a
mechanic's lien, for breach of contract, for quantum meruit, and for unjust enrichment
by service of a summons on June 7, 2013. The complaint was filed, along with a motion
for an attachment, on June 10, 2013.

June 10, 2013 is exactly 180 days after the date on which Matthew alleges that he
performed the last of his services as an architect and general contractor on a residence
owned by defendant Moira Daughdrill ("Moira") at 281 Fern Avenue, Long Island,
Maine.[1]

Not disclosed in either the complaint, the moving affidavit, or the motion for
attachment is that Matthew and Moira are married and that Moira commenced a
divorce action against Matthew on April 22, 2013. Daughdrill v. Daughdrill, FM-13-433.

---

[1] In his papers Matthew asserts that the attachment was sought in order to preserve Matthew's
lien rights pursuant to 10 M.R.S. § 3262.

[2] The injunction that is issued at the commencement of a divorce action prohibits the parties
from selling, transferring, encumbering, concealing, or disposing of any property owned either
individually or jointly except for necessities or in the usual course of business. Id.

[3] That issue need not be reached at this time. In addition, the court need not decide at this time
whether 10 M.R.S. § 3262's requirement that an attachment be "made" within 180 days after the

Citing the divorce action and the fact that as part of the divorce action both parties are subject to a preliminary injunction pursuant to 19-A M.R.S. § 903(1),[2] Moira has moved to dismiss this action and has sought attorneys' fees for what she describes as a violation of the injunction and a waste of the parties' assets.

The court can take judicial notice of the contents of the divorce action and notes that although Matthew alleges that Moira is the sole record owner of the Long Island residence, both parties have listed themselves as 50% owners of the Long Island residence in their financial affidavits. Under those circumstances, the respective financial interests of the parties and the value of any contribution made by Matthew should be initially addressed in the FM action. Accordingly, this action will be stayed until the property issues have been addressed in the divorce action. Whether the filing of this action constitutes a violation of the divorce injunction or justifies an award of attorneys' fees to Moira can also be addressed in the divorce action.

Matthew argues that in tort actions between spouses attachments have been entered even though a divorce action is also pending. The difference is that tort claims between spouses are not going to be adjudicated in the divorce. In contrast, the rights and interests of the respective spouses in marital and non-marital property will be addressed in a divorce action.

From Matthew's point of view, he is protected by the divorce injunction from any transfer or encumbrance of property. The record does not disclose whether Matthew filed a mechanic's lien in the registry of deeds pursuant to 10 M.R.S. § 3253 or whether he contends that the filing of a motion for an attachment under § 3262 is all

---

[2] The injunction that is issued at the commencement of a divorce action prohibits the parties from selling, transferring, encumbering, concealing, or disposing of any property owned either individually or jointly except for necessities or in the usual course of business. Id.

2

that is necessary.[3] To the extent that the filing of this action has preserved any of Matthew's lien rights, this action will remain pending to address any of the claims in Matthew's complaint that are not resolved in the FM action.

Finally, to the extent that Matthew has not filed a lien pursuant to 10 M.R.S. § 3253 and is concerned about the priority of his claims as against third parties, the court – notwithstanding the stay – would consider any issues that might be raised if Mathew were to file or seek to file a lis pendens.

The entry shall be:

Plaintiff's motion for an attachment is denied. Defendant's motion to dismiss is denied. This action is stayed until the property issues are settled in FM-13-433, and a copy of this order shall be included in FM-13-433 to advise the District Court of the pendency of this action.

The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July 30, 2013

Thomas D. Warren
Justice, Superior Court

---

[3] That issue need not be reached at this time. In addition, the court need not decide at this time whether 10 M.R.S. § 3262's requirement that an attachment be "made" within 180 days after the last labor or services are performed is met by the filing of a motion or only by the actual issuance of an attachment. The complaint and motion in this case were not filed until June 10 and could not have been acted upon within 180 days of December 12, 2012 – particularly as Matthew did not seek an ex parte attachment.

3

---

01 0000003649          SPARKS, ANDREW
    ONE MONUMENT WAY PORTLAND ME 04101
    F       CUMBERLAND COUNTY FEDERAL CREDIT UNION    PII       RTND    06/10/2013

02 0000007389          WAXMAN, MICHAEL
    30 CITY CENTER PO BOX 375 PORTLAND ME 04112-0375
    F       MOIRA DAUGHDRILL                          DEF       RTND    06/27/2013

03 0000009334          CAMPO, BENJAMIN P JR
    90 BRIDGE STREET SUITE 100 WESTBROOK ME 04092
    F       MATTHEW DAUGHDRILL                        PL        RTND    06/10/2013